UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AMANDA I., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILO KIJAKAZI, Acting Commissioner of )<br>Social Security, )<br>)<br>Defendant. ) | 1:22-cv-00183-JAW |

**ORDER AFFIRMING REPORT AND RECOMMENDED DECISION**

The Court affirms a report and recommended decision from the Magistrate Judge and remands the matter for further proceedings. In doing so, the Court declines the Commissioner's invitation to opine on a question of law because to do so would require the Court to render an advisory opinion.

**I.   BACKGROUND**

On December 13, 2019, Amanda I. applied for disability and disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. *Admin. R.*, Attach. 2, *ALJ Hr'g Dec.* at 1, *Docs. Related to Admin. Process* at 15-19 (ECF No. 9). On February 15, 2022, Administrative Law Judge (ALJ) Sarah Zimmerman found that Amanda I. was not disabled under §§ 261(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. *Id.* at 15-19. On April 14, 2022, the Appeals Council denied Amanda I.'s appeal of the ALJ's decision. *Id.*, *Appeals Council Denial* at 1-7. On June 10, 2022, Amanda I. sought

judicial review of the actions of the Social Security Administration pursuant to 42 U.S.C. § 405(g).  *Compl.* (ECF No. 1).

On February 9, 2023, the Magistrate Judge filed a report and recommended decision, recommending that the Court vacate the administrative decision and remand the matter for further proceedings.  *Report and Recommended Decision* (ECF No. 20) (*Recommended Decision*).  On February 14, 2023, the Commissioner filed a partial objection to the report and recommended decision.  *Def.'s Partial Obj. to the Report and Recommended Dec.* (ECF No. 21) (*Commissioner's Obj.*).  On February 28, 2023, Amanda I. responded.  *Pl.'s Resp. to the Def.'s Obj. to the Report and Recommended Dec.* (ECF No. 22) (*Pl.'s Opp'n*).

## II.   THE RECOMMENDED DECISION

In his recommended decision, the Magistrate Judge determined that at Step 5 of the evaluative process, the ALJ erred in her resolution of conflicting vocational evidence and recommended that the Court remand the matter to the ALJ for "further development of the record" and for an explanation of her administrative decision.  *Recommended Dec.* at 14.

## III.   THE PARTIES' POSITIONS

### A.   The Commissioner's Partial Objection

In her objection, the Commissioner is not pressing the argument that the Magistrate Judge erred in recommending a remand.  *Commissioner's Obj.* at 2, n.2.  Instead, the Commissioner's objection is focused on one citation in the Magistrate Judge's recommended decision, a Ninth Circuit case, *White v. Kijakazi*, 44 F.4th 828

2

(9th Cir. 2022). The Commissioner argues that, in citing *White* and relying on its holding, the Magistrate Judge "imported the reasoning" of the Ninth Circuit into the First Circuit and that First Circuit law dictates a different approach to the evaluation of conflicting vocational evidence. *Commissioner's Obj.* at 2. The Commissioner urges the Court to apply the correct First Circuit standard and order a remand based on "well-settled" First Circuit law. *Id.* at 7-8.

### B.   The Plaintiff's Opposition

In her opposition, the Plaintiff contends that the Court should affirm the Magistrate Judge's remand recommendation because the ALJ made her erroneous decision based on factors other than the *White* holding, and therefore the Court should affirm the recommended decision regardless of *White*. *Pl.'s Obj.* at 2. Next, to the extent *White* is determinative, Amanda I. maintains that *White* "is entirely consistent with prior case law in this district," *id.* at 3, and therefore the Court should affirm the Magistrate Judge's recommended decision because his reliance on *White* did not affect his recommendation. *Id.* at 3-6.

## IV.   DISCUSSION

In performing its de novo review, the Court concurs with the Magistrate Judge's recommendation that the matter must be remanded. However, the Court rejects the parties' invitation to opine on *White* and whether it is consistent with First Circuit authority. This is because the Court cannot know whether any differences between First Circuit precedent and *White* matter or will matter on remand.

"The Constitution grants Article III courts the power to decide "Cases" or "Controversies." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (quoting U.S. CONST. art. III, § 2). "We have long understood that constitutional phrase to require that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." *Id.*; *see Town of Portsmouth v. Lewis*, 62 F. Supp. 3d 233 (D.R.I. 2014) ("Article III, Section 2, Clause 1 of the United States Constitution . . . limits this Court's jurisdiction to 'cases and controversies,' requiring a live dispute whose resolution will provide meaningful relief to the prevailing party") (quoting *ACLU of Mass v. United States Conf. of Catholic Bishops*, 705 F.3d 44, 52 (1st Cir. 2013). Indeed, "the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." *Flast v. Cohen*, 392 U.S. 83, 96 (1968); *see Mangual v. Rotger-Sabat*, 317 F.3d 45, 60 (1st Cir. 2003) ("If events have transpired to render a court opinion merely advisory, Article III considerations require dismissal of the case").

On remand, the vocational evidence could be viewed differently, avoiding the disputed legal issue here. Alternatively, any distinctions between First Circuit law and *White* might not make a difference in the resolution of the remanded case, because it could be determined that Amanda I. succeeds or fails regardless of which standard is applied. Finally, if the matter returns to this Court, the factual predicates must clearly require the Court to reach contested conclusions of law.

## V.   CONCLUSION

Thus, having performed its de novo review, the Court affirms the Recommended Decision in this matter, vacates the administrative decision, and remands the matter for further proceedings.

SO ORDERED.

> /s/ John A. Woodcock, Jr.
> JOHN A. WOODCOCK, JR.
> UNITED STATES DISTRICT JUDGE

Dated this 19th day of April, 2023